This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the City of Akron Department of Public Health, Housing Division ("City"), appeals from the decision of the Summit County Court of Common Pleas, which held that Akron Codified Ordinance 150.40, as applied in this case to Appellees, Ashvin and Shobhana Yajnik ("Yajniks"), violates the Yaknik's substantive due process rights under the Ohio Constitution. We affirm.
 I.
On September 17, 1997, the Yajniks were convicted of a housing code violation, in violation of Chapter 150: Environmental Health Housing Code of the Akron Codified Ordinances ("A.C.O."), at a rental unit they own at 501 Beacon Street, Akron, Ohio.[1] On January 14, 2000, the City served the Yajniks with a notice of a hearing for the purpose of scheduling mandatory semiannual inspections on each of their rental properties, pursuant to A.C.O. 150.40. The Yajniks appealed to the Housing Appeals Board, which denied their appeal. They subsequently appealed to the Summit County Court of Common Pleas pursuant to R.C. 2506.01, alleging that A.C.O. 150.40, as applied in this case, is unconstitutional.
The Yajniks asserted that A.C.O. 150.40 violates (1) substantive due process and equal protection rights under both the Ohio and United States Constitutions, (2) the guarantee against warrantless searches as protected by the Fourth Amendment to the United States Constitution, (3) the Double Jeopardy provisions of both the Ohio and the United States Constitutions, and (4) the retroactivity clause of the Ohio Constitution and the ex post facto clause of the United States Constitution. The Summit County Court of Common Pleas found that A.C.O. 150.40 violates the Yajniks' substantive due process rights under the Ohio Constitution.[2]
The City now appeals, raising one issue for review.
 II. Assignment of Error
"THE COURT OF [COMMON] PLEAS COMMITTED REVERSIBLE ERROR WHEN IT HELD THAT SECTION 150.40, AS APPLIED, VIOLATES THE SUBSTANTIVE DUE PROCESS RIGHTS OF THE APPELLEES UNDER THE OHIO CONSTITUTION, BECAUSE APPELLEES FAILED TO ESTABLISH BEYOND A REASONABLE DOUBT THAT THE ORDINANCE IS NOT RELATED TO PUBLIC HEALTH OR THAT IT IS UNREASONABLE OR ARBITRARY."
In its sole assignment of error, the City challenges the trial court's declaration that A.C.O. 150.40 is unconstitutional as applied in this case. The City asserts that the Yajniks failed to meet their burden in demonstrating the ordinance is unconstitutional. We disagree.
In their appeal of the housing board's decision to the trial court, the Yajniks asserted there is no relationship between a single conviction for a violation of the housing code at one rental unit and the mandatory inspections of their numerous other rental units that are not in any way related to the subject property. They argued, therefore, the ordinance is unreasonable and arbitrary as applied to them.
The City asserted that the Yajniks could not meet their burden in challenging the constitutionality of A.C.O. 150.40 because the underlying conviction which triggered the mandatory inspection provision of A.C.O. 150.40 was not a part of the record. The City contends that the analysis of the constitutionality of A.C.O. 150.40 necessarily depends upon the nature of the housing conviction which triggers the mandatory inspections; therefore, the absence of the conviction from the record defeats the Yajniks' constitutional challenges.
The trial court agreed with the arguments advanced by the Yajniks, and found that "given the number of properties owned by [the Yajniks] and the fact that only one property led to a conviction for a substantive violation, * * * the mandatory semiannual inspection of all properties owned by [them] is unreasonable and arbitrary." In essence, both parties raise the same arguments on appeal.
Generally, municipal ordinances have a strong presumption of constitutional validity. Benevolent Assn. v. Parma (1980),61 Ohio St.2d 375, 377. The party challenging the ordinance bears the burden of demonstrating that it is unconstitutional as applied. The ordinance will be deemed valid unless it appears "beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." Desenco, Inc. v. Akron (1999), 84 Ohio St.3d 535, 538, quoting Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46,47. An ordinance does not violate due process if it (1) bears a real and substantial relation to the public health, safety, morals, or general welfare of the public, and (2) is not unreasonable or arbitrary. Momineev. Scherbarth (1986), 28 Ohio St.3d 270, 274, citing Benjamin v.Columbus (1957), 167 Ohio St. 103, at paragraph 5 of the syllabus.
A.C.O. 150.40(A)(2) provides, in pertinent part:
 "The owner or operator of a premises with a rental unit shall have the interior and exterior of the premises, its structures and its rental units inspected semi-annually, for a minimum of four years, to determine compliance with the Health, Safety and Sanitation Code, Litter Code, Housing Code, and Zoning Code * * * [i]f the owner or operator has been convicted of a violation of this Chapter[.]"
A.C.O. 150.40 further provides the following schedule of inspection fees: $125 for premises with one rental unit; $175 for premises with two rental units; $225 for premises with three rental units; $250 for premises with four rental units; and $265 for the first rental unit in premises with five or more rental units, with an additional fee of $15 for each additional rental unit.
This Court previously analyzed a similar constitutional challenge to A.C.O. 150.40 in Urban Imperial Bldg. Rental Corp. v. City of Akron
(Oct. 11, 2000), 9th Dist. No. 19933. Urban Imperial had been convicted of two violations of A.C.O. 150.30(A), which requires property owners to register rental units with the Department of Public Health. Pursuant to A.C.O. 150.40, the Department of Public Health sent the property owner an order directing it to submit to the mandatory inspections of all the rental properties it owned and/or operated, not merely the ones the owners failed to register with the health department. The property owners appealed to the trial court, which affirmed the decision of the housing board. On appeal, this Court found the ordinance violated the owner's substantive due process rights under the Ohio Constitution, as it applied to those properties that were not the subject of the violations. Id. We stated:
 "while the link between [Urban Imperial's] unregistered properties and mandatory inspection thereof is easily made, there is no real or substantial relation between its failure to register and the City's inspection of property already catalogued. The wholesale mandatory inspection of every rental property owned by an individual or entity when that party has been convicted of failing to register only one or two of its units is unreasonable." Urban Imperial Bldg. Corp., at 5-6 (Emphasis sic).
We held that, accordingly, the only properties owned or operated by Urban Imperial that were subject to the mandatory inspections were those that were the subject of the violations. Id. at 6.
The Yajniks rely on Urban Imperial and assert that the same reasoning should apply here. The City contends that their reliance is misplaced because the Yajniks' underlying conviction for the housing code violation is not in the record, and therefore, they cannot demonstrate how the application of the ordinance to their situation compares to the one addressed in Urban Imperial. The City maintains that the nature of the violation is an important factor, that a substantive violation of Chapter 150, such as a violation for failing to keep the property in good repair or to provide heat, is quite different from a violation for a failure to register, as seen in Urban Imperial.
The record reveals that the Yajniks own more than 50 rental units in the city of Akron. Each of those units was subject to the Department of Health's mandatory inspection order pursuant to A.C.O. 150.40. The Yajniks estimate the total cost for the semiannual mandatory inspections as exceeding $40,000 for the four-year period in which they would be required to have their rental properties inspected. The record also reveals the existence of only one violation of the Environmental Housing Code, at one rental unit.[3]
Whether the Yajniks' conviction was for a substantive violation or for a failure to register, we agree that it is unreasonable to subject each of their more than 50 rental units to the mandatory inspection provisions of A.C.O. 150.40, where merely one violation, in one rental unit, led to the underlying conviction. We find that A.C.O. 150.40, as applied to the Yajniks in this case, is unconstitutional in so far as it subjects properties where no violations have been found to mandatory inspections. Accordingly, the City's sole assignment of error is overruled.
 III.
Having overruled the City's sole assignment of error, we affirm the decision of the Summit County Court of Common Pleas.
SLABY, P.J. CONCURS
[1] It is unclear from the record whether Ashvin, Shobhana, or both of them were convicted of the housing code violation. The conviction is not included in the record. The issue as to which one of them was convicted does not affect our disposition in this case, and because no one raised this issue before the housing appeals board or the court below, we need not address this issue on appeal.
[2] The trial court did not address the Yajniks' remaining claims, as the court found these issues moot.
[3] We note that the record contains a document that appears to be a list of complaints against the Yajniks. Notwithstanding these complaints, the City alleges only one violation of one rental unit, and the Department of Health's notice to the Yajniks concerning the mandatory inspections cites only one criminal conviction.